Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| AIDA RODRÍGUEZ RUIZ, GLADYMIL RODRÍGUEZ RODRÍGUEZ, JUSTINO RODRÍGUEZ RODRÍGUEZ Y OTROS<br><br>Peticionarios<br><br>v.<br><br>DR. AUGENIO MULERO PORTELA Y SU COMPAÑÍA DE SEGUROS A, HOSPITAL EPISCOPAL SAN LUCAS, INC. ATTN: LIC. FRANCISCO CARABALLO IRIZARRY, DR. ADRIÁN PÉREZ COCHRAN Y OTROS<br><br>Recurridos | TA2026AP00550 | *Apelación* acogida como **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2021CV01954<br><br>Sobre: Daños y Perjuicios Impericia Médica |

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Robles Adorno.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de junio de 2026.

Comparece Aida Rodríguez Ruiz (señora Rodriguez Ruiz), Gladymil Rodríguez Rodríguez, Justino Rodríguez Rodríguez y Rosa María Rodríguez Rodríguez (Hemanos Rodríguez Rodríguez), por sí y en representación de la Sucesión de Don Justino Rodríguez Román, integrada por la señora Rodríguez Ruiz, viuda del causante, y los Hermanos Rodríguez Rodríguez (en conjunto y en adelante, parte peticionaria), mediante un recurso acogido como *certiorari*, para solicitarnos la revisión del dictamen emitido y notificado el 19 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Ponce.[1] Mediante el dictamen objeto de revisión, el tribunal de instancia resolvió que, en los límites de responsabilidad de la Ley

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 267.

Núm. 136-2006,[2] le aplica, en total y en conjunto, el límite de responsabilidad de un máximo de $75,000.00 dólares por los daños sufridos por una persona y hasta $150,000.00 dólares cuando fueron causados a más de una persona.

Por los fundamentos que expondremos, se *deniega* la expedición del auto de c*ertiorari.*

I

Esta es la *tercera* ocasión en que se recibe un recurso apelativo en el caso de autos.[3] Siendo así, nos circunscribiremos a los asuntos atinentes a la controversia ante nos.

El caso del título inició cuando la parte peticionaria incoó una *Demanda* sobre daños y perjuicios contra la parte recurrida del título.[4] Adujo, en apretada síntesis, que la muerte del Don Justino Rodríguez Román (señor Rodríguez Román) fue ocasionada por los daños y la negligencia infligida por el personal médico del Hospital Episcopal San Lucas, Inc. (Hospital San Lucas) en el tratamiento de este, quien ingresó a dicho hospital, inicialmente, quejándose de dolor torácico intermitente. También, alegó que lo acontecido con el causante le provocó angustias y sufrimientos mentales tanto a su viuda, la señora Rodríguez Ruiz, como a sus hijos, los Hermanos Rodríguez Rodríguez. A tenor, solicitó que se declarara *Ha Lugar* su pliego y se condenara a la parte recurrida a pagar la cantidad de $1,000,000.00 dólares por concepto de daños y perjuicios, más costas, intereses y honorarios de abogado, así como la suma de $75,000.00 dólares por concepto de lucro cesante.

---

[2] Ley de los Centros Médicos Académicos Regionales de Puerto Rico, Ley Núm. 136-2006, 24 LPRA sec. 10031 nt. *et seq.*

[3] El *primer* recurso fue presentado en el alfanumérico KLCE202300503, mientras que el *segundo* fue presentado en el alfanumérico TA2026CE00683 y se encuentra ante la atención de un Panel Hermano. Puntualizamos que hubo un *tercer* recurso, el cual, mediante *Resolución* del 3 de junio de 2026, en el alfanumérico TA2026AP00549, se ordenó su eliminación por duplicidad. A los fines de la *Resolución* que hoy emitimos, no lo estamos considerando como un recurso atendido y resuelto, por ello identificamos el recurso del título como el *tercero*.

[4] SUMAC TPI, a la Entrada Núm. 1.

De los autos se desprende que el doctor Eugenio Mulero Portela,[5] la doctora Jannice Arroyo,[6] doctor Andrés Bermúdez Caba,[7] y el Hospital San Lucas[8] presentaron sus contestaciones a la demanda.[9]

Posteriormente, la parte peticionaria interpuso una *Segunda demanda enmendada.*[10] Conviene mencionar que la demanda fue enmendada a los fines de eliminar, en los incisos 70, 71 y 72, las referencias a consultas con peritos o consultores. Consta de los autos que la doctora Alejandra Santiago Vives,[11] el doctor Adrián Pérez Cochrán,[12] el doctor Andrés Bermúdez Caba,[13] la doctora Jannice Arroyo,[14] el doctor Eugenio Mulero Portela,[15] y Caribbean Cardiac & Thoracic Surgery Institute, LLC,[16] presentaron sus alegaciones responsivas respecto a la *Segunda demanda enmendada.*

Días más tarde, Caribbean Cardiac & Thoracic Surgery Institute, LLC, interpuso una *Demanda contra coparte* contra el Hospital San Lucas.[17] Esbozó que no existía solidaridad entre esta parte y dicho hospital. Adujo que, del foro de instancia encontrar que esta parte tuviese responsabilidad en este caso, entonces el Hospital San Lucas debía responderle por daños y perjuicios que tuviese que compensar. Solicitó, además, que se condenara al Hospital San Lucas al pago de costas, gastos y honorarios de abogado a su favor.

---

[5] SUMAC TPI, a la Entrada Núm. 13.
[6] *Íd.*, a la Entrada Núm. 70.
[7] *Íd.*, a la Entrada Núm. 62.
[8] *Íd.*, a la Entrada Núm. 21.
[9] *Íd.*, a la Entrada Núm. 181.
[10] *Íd.*, a la Entrada Núm. 77.
[11] *Íd.*, a la Entrada Núm. 105.
[12] *Íd.*, a la Entrada Núm. 85.
[13] *Íd.*, a la Entrada Núm. 114.
[14] *Íd.*, a la Entrada Núm. 115.
[15] *Íd.*, a la Entrada Núm. 109.
[16] *Íd.*, a la Entrada Núm. 181.
[17] *Íd.*, a la Entrada Núm. 184.

Tiempo después, el 10 de julio de 2024, se celebró una vista de estatus.[18] En esta, entre otras cosas, se calendarizaron las deposiciones que aún se encontraban pendientes, se acordó que el descubrimiento de prueba culminaría para el 15 de junio de 2025, así como que se señaló la conferencia con antelación al juicio para el 15 de septiembre de 2025.

Luego de tomadas las deposiciones de la doctora Jannice Arroyo Soto, la doctora Alejandra Santiago Vives, el doctor Andrés Bermúdez Caba y el Presidente de Caribbean Cardiac & Thoracic Surgery Institute, LLC, el 20 de agosto de 2024, mediante moción, la parte peticionaria solicitó desistir con perjuicio de su reclamación contra estas partes.[19] Mediante *Sentencia parcial*, notificada el 28 de agosto de 2024, el foro primario declaró este petitorio *Ha Lugar*.[20] A tenor, desestimó la causa de acción presentada contra la doctora Jannice Arroyo Soto, la doctora Alejandra Santiago Vives, el doctor Andrés Bermúdez Caba y el Caribbean Cardiac & Thoracic Surgery Institute, LLC.

Tras varias incidencias procesales innecesarias pormenorizar, el 19 de octubre de 2025, el Hospital San Lucas presentó una *Moción solicitando sentencia sumaria en relación a la aplicación de la Ley 136 de centros médicos académicos regionales*.[21] Esencialmente, planteó que no existía controversia respecto a la aplicabilidad de la Ley Núm. 136-2006. Esto, dado a que el señor Rodríguez Román recibió tratamiento por médicos residentes y médicos con nombramiento académico en la Escuela de Medicina de Ponce durante su admisión en el Hospital San Lucas, como parte del consorcio entre ambas instituciones. De manera que arguyó que procedía que el foro primario dictara una sentencia sumaria parcial

---

[18] SUMAC TPI, a la Entrada Núm. 215.
[19] *Íd.*, a la Entrada Núm. 220.
[20] *Íd.*, a la Entrada Núm. 224.
[21] *Íd.*, a la Entrada Núm. 253.

en la cual tomara conocimiento judicial de los límites de responsabilidad que le otorgaba dicha ley. Puntualizamos que el Hospital San Lucas acompañó su escrito con una serie de documentos.[22]

En reacción, el 12 de diciembre de 2025, la parte peticionaria interpuso una *Moción en oposición a moción solicitando sentencia sumaria en relación a la aplicación de la Ley 136 de centros médicos académicos regionales radicada por el Hospital San Lucas, Inc., en cuanto a que el límite monetario dispuesto en dicha Ley aplica al conjunto de todas las partes codemandadas en este caso.*[23] Como parte del título del aludido escrito esbozó que *[n]o hay oposición a que el límite aplique exclusivamente al Hospital San Lucas, Inc., y a sus residentes.*[24] Ahora bien, esgrimió no estar de acuerdo con que el límite monetario de la aludida ley se aplicara al conjunto de todas las partes codemandadas. Así, pues, peticionó que resolviera que los límites de responsabilidad dispuestos en la Ley Núm. 136-2006,[25] le eran aplicables en este caso exclusivamente al Hospital San Lucas, sus residentes y estudiantes de medicina, no así a la compañía de seguros del Hospital San Lucas, ni al doctor Eugenio Mulero ni al doctor Adrián Pérez Cochrán. En cuanto al doctor Adrián Pérez Cochrán, planteó que este no tenía un nombramiento académico en la Escuela de Medicina. Para apoyar sus argumentos, acompañó su oposición con una serie de documentos.[26]

De ahí, mediante *Orden* notificada el 16 de diciembre de 2025, el foro *a quo* dejó sometida la controversia.[27]

Examinadas las posturas de las partes, el 19 de marzo de 2026, el tribunal de instancia emitió y notificó su dictamen, al cual

---

[22] SUMAC TPI, a la Entrada Núm. 253, Anejo 1 al 11 y documento intitulado Affiliation Agreement.
[23] *Íd.*, a la Entrada Núm. 261.
[24] *Íd.*
[25] 24 LPRA sec. 10031 nt. *et seq.*
[26] SUMAC TPI, a la Entrada Núm. 261, Anejos I al VII.
[27] *Íd.*, a la Entrada Núm. 262.

intituló *Sentencia parcial*, en el cual atendió el petitorio de la parte peticionaria.[28] Conviene mencionar que, aun cuando fue intitulado como una sentencia parcial, lo correcto debió haber sido haberle intitulado *Resolución*, puesto que no se dispuso con finalidad de ninguna causa de acción en el caso. Mediante el dictamen objeto de revisión, lo que el tribunal de instancia resolvió fue que, en cuanto al asunto de la aplicabilidad de los límites de responsabilidad de la Ley Núm. 136-2006,[29] le aplicaba, en total y en conjunto, el límite de responsabilidad de un máximo de $75,000.00 dólares por los daños sufridos por una persona y hasta $150,000.00 dólares cuando fueron causados a más de una persona.

En su dictamen, el foro *a quo* concluyó en esencia, que el tratamiento brindado a Don Justino Rodríguez Román ocurrió dentro del contexto funcional protegido por la Ley Núm. 136-2006.[30] A tenor, razonó que, como cuestión de derecho procedía determinar que, de adjudicarse responsabilidad al Hospital San Lucas, al doctor Eugenio Mulero Portela y al doctor Adrián Pérez Cochrán, las reclamaciones indemnizatorias estarían sujetas a los límites establecidos en el Artículo 7 de la Ley Núm. 136-2006.[31]

Luego de varios incidentes procesales, los cuales no reseñaremos, el 2 de abril de 2026, la parte peticionaria incoó una *Moción de reconsideración*,[32] la cual fue denegada mediante *Resolución interlocutoria*, notificada el 11 de mayo de 2026.[33]

En desacuerdo, el 29 de mayo de 2026, la parte peticionaria incoó un recurso apelativo en cual alzó los siguientes dos (2) señalamientos de error:

---

[28] SUMAC TPI, a la Entrada Núm. 267.
[29] 24 LPRA sec. 10031 nt. *et seq.*
[30] *Íd.*
[31] 24 LPRA sec. 10035.
[32] SUMAC TPI, a la Entrada Núm. 287.
[33] *Íd.,* a la Entrada Núm. 295. Puntualizamos que, mediante esta *Resolución*, el tribunal de instancia también dispuso sobre el asunto objeto del recurso apelativo TA2026CE00683.

**PRIMERO:** ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE PONCE, AL DICTAR SENTENCIA PARCIAL DECLARANDO HA LUGAR LA MOCIÓN DE SENTENCIA SUMARIA PARCIAL PRESENTADA POR EL CODEMANDADO-APELADO HOSPITAL SAN LUCAS <u>EN CUANTO AL CODEMANDADO APELADO DR. ADRIAN PÉREZ COCHRÁN</u>. ESTO PORQUE DURANTE SU ATENCIÓN Y TRATAMIENTO A DON JUSTINO RODRÍGUEZ, <u>NO TENÍA NOMBRAMIENTO ACADÉMICO EN LA ESCUELA DE MEDICINA DE PONCE Y PORQUE NO PRESTÓ TUTORÍA ACADÉMICA DOCENTE[,] NI SUPERVISIÓN A RESIDENTES NI A ESTUDIANTES DE LA ESCUELA DE MEDICINA.</u>

**SEGUNDO:** ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE PONCE, AL DICTAR SENTENCIA PARCIAL DECLARANDO HA LUGAR LA MOCIÓN DE SENTENCIA SUMARIA PARCIAL PRESENTADA POR EL CODEMANDADO HOSPITAL SAN LUCAS <u>EN CUANTO A</u> QUE EL CODEMANDADO-APELADO DR. ADRIÁN PÉREZ COCHRÁN LE APLICAN LOS TOPES DE LA LEY 104, LEY DE RECLAMACIONES CONTRA EL ESTADO. YA QUE EL HONORABLE TRIBUNAL RESOLVIÓ EN LA SENTENCIA SUMARIA PARCIAL QUE "ES POSIBLE AFIRMAR QUE TODO PROFESIONAL DE LA SALUD QUE ATENDIERA PACIENTES DURANTE LA EMERGENCIA HA ESTADO ASISTIENDO AL GOBIERNO EN LA MISIÓN DE PRESERVAR LA SEGURIDAD Y EL BIENESTAR PÚBLICO".

Mediante *Resolución* emitida el 3 de junio de 2026, acogimos el recurso presentado como uno de *certiorari*. El 8 de junio de 2026, compareció la parte recurrida mediante *Alegato en oposición a certiorari*. Con el beneficio de la comparecencia de las partes, procederemos a disponer del recurso instado.

II

## A. Expedición del Recurso de *Certiorari*

Los recursos de *Certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil.[34] Esta Regla limita la autoridad y el alcance de la facultad revisora de este Tribunal mediante el recurso de *Certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto

---

[34] 32 LPRA Ap. V, R. 52.1.

anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[35]

[…].[36]

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.

[…].[37]

Establecido lo anterior, precisa señalar que el recurso de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[38] A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional.[39] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[40] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[41]

---

[35] 32 LPRA Ap. V, R. 52.1.
[36] *Íd.*
[37] *Íd.*
[38] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020).
[39] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).
[40] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).
[41] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, 435.

Por otra parte, la Regla 40 del Reglamento del Tribunal de Apelaciones esgrime que el Tribunal deberá considerar los siguientes criterios para expedir un auto de *Certiorari:*

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. [42]

De otro lado, el Tribunal Supremo de Puerto ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[43] Quiérase decir, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción,  o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[44]

Finalmente, advertimos que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen cuya revisión se solicitó, como tampoco constituye una adjudicación en sus méritos. Meramente, responde a la facultad discrecional del

---

[42] Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).
[43] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[44] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia.[45]

III

En el recurso ante nuestra consideración, la parte peticionaria acudió ante nos tras haber quedado insatisfecho con lo resuelto por la primera instancia judicial cuando emitió un dictamen mediante el cual resolvió la controversia interlocutoria sobre si el tratamiento brindado a Don Justino Rodríguez Román fue una ofrecida dentro del contexto funcional protegido por la Ley 136-2006,[46] y si, en consecuencia, resultaban los límites de responsabilidad allí establecidos al doctor Eugenio Mulero Portela, al doctor Adrián Pérez Cochrán y al Hospital San Lucas. Según reseñamos, el foro de instancia dispuso, luego de analizar los pliegos, tal y cual, si se tratara de una solicitud de sentencia sumaria, que le aplicaban en total y en conjunto el límite de responsabilidad de un máximo de $75,000.00 dólares por los daños sufridos por una persona y hasta $150,000.00 dólares cuando fuesen causados a más de una persona.

Mediante sus dos (2) señalamientos de error, la parte peticionaria mostró su inconformidad, específicamente, por haber incluido al doctor Adrían Pérez Cochrán en la ecuación relacionada al límite de responsabilidad, aduciendo que el galeno no tenía nombramiento académico en la Escuela de Medicina de Ponce, ni prestó tutoría académica docente ni supervisión a residentes ni a estudiantes de medicina. Por otro lado, esbozó que el foro *a quo* incidió al conceder el remedio en cuanto al mismo galeno, luego de concluir que era posible afirmar que todo profesional de la salud que estuviese atendiendo pacientes durante la emergencia había estado

---

[45] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008).
[46] 24 LPRA sec. 10031 nt. *et seq.*

asistiendo al gobierno en la misión de presentar la seguridad y el bienestar público.

Según reseñamos, el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[47] A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección. Sin embargo, esta Regla no opera en el vacío, tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones,[48] así como en lo dispuesto por la Regla 52.1 de Procedimiento Civil.[49]

Tras evaluar minuciosamente el recurso presentado por la parte peticionaria, es nuestra apreciación que no se configuran ninguna de las instancias que justificaría la expedición del auto de *certiorari* al amparo de las Regla 52.1 de Procedimiento Civil,[50] ni de la Regla 40 del Reglamento del Tribunal de Apelaciones.[51] Los señalamientos de error y los fundamentos aducidos en la petición presentada no logran activar nuestra función discrecional en el caso de autos. Por tanto, entendemos que esta no es la etapa del procedimiento más propicia para nuestra consideración. Además, razonamos que la parte peticionaria no nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un rotundo fracaso de la justicia. Por todo lo antes mencionado, no atisbamos razón para intervenir con la determinación recurrida.

Por último, advertimos que la denegatoria de esta Curia a expedir un recurso de *certiorari* no implica que el dictamen revisado

---

[47] *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[48] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.
[49] 32 LPRA Ap. V, R. 52.1.
[50] *Íd.*
[51] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.

esté libre de errores o que constituya una adjudicación en los méritos.[52] Esto es así, ya que, como es sabido, una resolución de denegatoria de un auto de *certiorari* no implica posición alguna de este Tribunal respecto a los méritos de la causa sobre la cual trata dicho recurso.[53]

IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[52] *Cacho Pérez v. Hatton Gotay*, 195 DPR 1, 12 (2016).
[53] *SLG v. Pauneto Rivera*, 130 DPR 749, 755 (1992).